OPINION OF THE COURT
Frank J. LaBuda, J.
A Sullivan County grand jury returned indictment No. 63S-2015, on April 22, 2015, charging the defendant with three counts of predatory sexual assault against a child and one count of sexual abuse in the first degree for a onetime incident that allegedly occurred “during the spring of 2011” at the Laurel Ledge Estates development in the Town of Fallsburg, Sullivan County, New York. The charges stem from allegations that the defendant, a rabbinical student, a friend of the victim’s family, and a member of the same synagogue prayer group that met at the victim’s residence, met the then 11-year-old victim at a local[1] grocery during daytime hours, took him by vehicle to a forested area, fondled his genitals while in the vehicle, and then removed him from the vehicle to a forested area in the neighborhood, at which time the young boy alleged that the defendant forced him to engage in oral sex and subjected him to anal sexual intercourse.
Prior to the commencement of a jury trial, in reliance on pretrial discovery and preparation, the defendant informed the court and the prosecution that he wished to proceed with a non-jury trial on the indictment, which at that time alleged the incident occurred “during the spring of 2011” at “Laurel Ledge Estates.” The trial commenced on November 12, 2015. At the close of the People’s case, on November 18, 2015, defendant moved for a trial order of dismissal pursuant to CPL 290.10, which this court denied. The defendant presented his case. Defendant testified and called other witnesses, and introduced a Facebook conversation that the young boy had with an adult male friend in Israel, and the defense then rested. The People called several rebuttal witnesses, moved to reopen its direct case and recall the victim, and introduced further evidence to rebut the defendant’s case. The evidentiary portion of the trial *929 came to a close on December 8, 2015. At that time, the defendant made another motion for a trial order of dismissal pursuant to CPL 290.10, on which this court reserved judgment and heard closing arguments.
After a complete review of the testimony and all the exhibits presented at trial, as well as a review of the necessary and required elements of each crime charged in the indictment, this court finds that the People failed to present legally sufficient evidence to support a conviction in this matter. (CPL 290.10; People v Ledwon, 153 NY 10 [1897]; People v Delamota, 18 NY3d 107 [2011].) This court’s decision is not based on the credibility of the witnesses, and is not a finding of guilt or innocence on the part of the defendant. This court’s determination is based solely on legal principles applicable to all criminal trials that require the People to meet a certain legal evidentiary threshold to prove each and every element of the crimes charged as a prima facie case.
This court finds the evidence presented by the People to be legally insufficient pursuant to CPL 290.10, which states in pertinent part:
“At the conclusion of the people’s case or at the conclusion of all the evidence, the court may . . . issue a trial order of dismissal, dismissing any count of an indictment upon the ground that the trial evidence is not legally sufficient to establish the offense charged therein or any lesser included offense . . . .” (CPL 290.10 [1] [a] [internal quotation marks omitted].)
CPL 290.10 applies to jury and non-jury trials, alike, and permits a trial order of dismissal only when the evidence presented at trial is insufficient as a matter of law. (See People v Sabella, 35 NY2d 158 [1974].) Legally sufficient evidence means “competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commissions thereof . . . .” (CPL 70.10 [1] [emphasis added].) If the prosecutor has established a prima facie case, the evidence is deemed legally sufficient (Sabella at 167) and the case proceeds to deliberation by the finder of fact.
In the instant matter, the People failed, as a matter of law, to present a prima facie case in that they were unable to present legally sufficient evidence to establish the date on which the alleged offense occurred. Predatory sexual assault against a child and sexual abuse in the first degree require that the *930 prosecutor prove among other elements the date and the place of the alleged incident. (Penal Law § 130.96; CJI2d[NY] Penal Law § 130.96; Penal Law § 130.65 [4]; CJI2d[NY] Penal Law § 130.65 [4].)
In the instant matter, the evidence at trial failed to establish a date on which the alleged incident occurred, as a matter of law. The original indictment, returned on April 22, 2015, charged the defendant with committing all of the charged crimes, which were culminated in a single incident “during the spring of 2011.” Pretrial motions and discovery, to which the defendant was entitled and received, did not specify or change the date nor the location of the alleged incident. The People, however, at trial presented evidence in the form of a Town of Fallsburg detective’s police report, dated December 5, 2014, indicating the incident occurred in 2009. The victim had testified before the grand jury that the alleged incident occurred in the spring of 2011, then testified at trial to other time periods: that it occurred in late February of 2011, two weeks before a visit with his physician in March 2011, and then on cross-examination further testified it occurred in July of 2011. The young man was very specific and adamant during his trial testimony about both times; he testified that the incident occurred approximately two weeks prior to a medical appointment he had with a local physician in March 2011, which put the time of occurrence in late February 2011. He later testified on cross-examination that he recalled that the incident occurred in July of 2011 because he remembered the Kletsky case (a case in New York City involving a boy in Brooklyn who was abducted and killed). Upon redirect, the young man could not clarify the date on which he believed the alleged incident occurred to him. Furthermore, the defense presented testimony from Rabbi Lift, a teacher with over 15 years of experience and one of the young man’s teachers at the Hebrew Day School, who testified that he noticed a radical and violent change in the victim’s behavior (it is generally accepted by psychologists and the prosecutor’s own expert, Eileen Treacy, Ph.D., that such behavioral changes manifest indicia of child sex abuse). Rabbi Litt’s observations were made in 2009, and were noted on the young man’s official school report card at that time. The 2009 report and observations coincide with the Fallsburg detective’s report indicating the incident occurred in 2009.
The People also presented expert testimony by Dr. Eileen Treacy, who testified to the Child Sexual Abuse Accommodation *931 Syndrome and that child victims of sexual assault are often able to remember dates by associating them with other, unrelated events of great magnitude as a “marker” in remembering time, which would coincide with the young man’s testimony that the alleged incident occurred in July of 2011, when the Kletsky case made the news and he was aware of it.[2]
Recognizing they had an issue with the time frame of the alleged incident, the People made an application at the close of their case to amend the date/time of the alleged incident in the indictment. The Assistant District Attorney first made an oral application in court, requesting to amend the indictment from “during the spring of 2011” to “in or before the spring of 2011.” The court directed that the parties submit written arguments on the issue. Upon receiving the submissions, the People then asked to amend the indictment from “during the spring of 2011” to now “on or about the spring of 2011.” Over the defendant’s objection, this court granted the People’s motion.
The court takes judicial notice that July is in the summer. Summer in the northern hemisphere runs from approximately June 21 to September 20. Contrary to the People’s assertions, July is not and has never been in the spring, especially in Sullivan County, New York. Also, the court notes that February is winter in Sullivan County, New York. Therefore, the People were unable to present legally sufficient evidence to establish that the alleged incident occurred “on or about the spring of 2011.”
This court is ruling on a legal procedural issue necessary in each and every criminal trial, as a matter of law, that the People were unable to establish the date, even an “on or about date,” of the spring of 2011 during which the alleged single incident occurred. In fact, they presented testimony and documentary evidence from two witnesses which tended to place the dates in 2009, February of 2011 (winter), and July of 2011 (summer), none of which are on or about the spring of 2011. Therefore, the People presented legally insufficient *932 evidence to establish a prima facie case for the crimes charged in the indictment.
Furthermore, in People v Ledwon (153 NY 10 [1897]), the Court of Appeals held that a criminal conviction is not supported by legally sufficient evidence if the only evidence of guilt is supplied by a witness who offers inherently conflicting testimony about the defendant’s culpability. (See also Delamota at 110.) While it is rare for a trial court to grant a trial order of dismissal on this ground, the Ledwon case remains valid common law in New York and is applicable in the instant matter.
Without evaluating the credibility or veracity of the complainant’s testimony in the instant matter, this court finds that as a matter of law, the victim’s testimony was inherently contradictory. The victim in this case was the sole witness to testify regarding the defendant’s culpability, yet his testimony was riddled with contradictions regarding the date on which the alleged incident occurred and the location.
Of concern to this court was that the young man’s testimony as the sole witness was irreconcilably inconsistent, especially in light of Rabbi Litt’s testimony that the victim had at one time referred to the Rabbi as a “murderer on the run,” which the victim did not deny during his trial testimony, and if believed, bears witness to the young man being in a complete disconnect from reality. Additionally, the victim’s own trial testimony, as well as his statement to detectives, indicated that he had a problem with differentiating between imagination and the truth; a dream and reality. He testified that he remembered telling his therapist (Dr. Krakowsky) that he was not sure if his thoughts on this incident were real. Thus, his testimony with respect to the date, time and location of the instant offense was hopelessly irreconcilable as a matter of law.[3]
While the court appreciates a child witness’s confusion, the testimony nevertheless was inherently self-contradictory, could not be clarified by any other testimony or evidence, and was therefore legally insufficient under Ledwon. Beginning in the 1970s, the Court of Appeals made clear that Ledwon applies in very rare circumstances where the charged crime is established by only one witness who provides inherently contradictory *933 testimony at trial. That is exactly the situation in the case at bar: the victim, the only witness to provide testimony regarding the defendant’s culpability, provided inherently contradictory testimony regarding the charged crime.
A verdict is legally sufficient only if there is any “valid line of reasoning and permissible inferences that could lead a rational person to conclude that every element of the charged crime has been proven beyond a reasonable doubt.” (Delamota at 113.) This court finds that there is no valid line of reasoning or permissible inferences in the instant matter that could prove the required element of the date or time frame of occurrence as required by all four crimes charged in the indictment. The court finds that the victim/witness in the instant matter was “unreliable as a matter of law” due to his inability to consistently testify to one date for the occurrence, even an on or about date or time when the alleged incident occurred. Again, the court is not evaluating the victim’s testimony for its credibility or veracity; this court is ruling that as a matter of law, accepting the victim’s testimony as true, the inherent conflicts regarding the date of the single occurrence of the alleged crime (i.e., winter, spring or summer) presents legally insufficient evidence to prove the necessary date/time element of the crimes charged in the indictment. (Compare People v Calabria, 3 NY3d 80 [2004].) Moreover, the victim was unable to provide “a credible explanation for the discrepant testimony,” his only explanation being that he was confused or that his explanations did not fit his “story” as it “developed” in his mind. (Delamota at 114.)[4]
Lastly, the irreconcilable differences with respect to the victim’s testimony were made further apparent by the witness’s November 14, 2015[5] Facebook (exhibit 6, admitted on consent of both parties) conversations with “a friend” in Israel, wherein the witness stated:
*934 “11/14/15 9:20 P.M. Sruly Rubenstein [SR] Oh, got it. What drive you crazy. That you doubt yourself, or that you’re going ahead with this with doubt?
“11/14/15 9:21 P.M. Avroham [Doe] [AD] That I doubt myself.
“11/14/15 9:22 P.M. [SR]—Why do you have doubt? “11/14/15 9:22 P.M. [AD]—IDK. Maybe my mind made something up.
“11/14/15 9:23 P.M. [SR]—Made up the doubt, or made up the rest?
“11/14/15 9:23 P.M. [AD]—All of it.
“11/14/15 [SR]—Anything is possible but what WUD be the reason you are mind WD make it up?
“[AD]—I don’t know. I mean I remember it happening so.”
After the defense closed, the prosecutor’s application to reopen his direct case and recall the victim/witness was granted. Under affirmation, the witness stated that the Face-book conversation was true and accurate. The prosecutor’s application to adjourn this trial to look for other “exculpatory evidence” was denied. Thus, the court need not consider any potential Brady violation issues.
Again, this court is not judging the credibility or veracity of the victim’s allegations or testimony, but rather the inherently irreconcilable differences within the victim’s own testimony regarding the date or time during which the alleged incident occurred.
Based on the foregoing, this court is compelled to grant the defendant’s motion for a trial order of dismissal, and dismisses this case of Sullivan County indictment No. 63S-2015 for failure of the People to present legally sufficient evidence at trial.

. A Hasidic religious community in Sullivan County.

. Interestingly, the Fallsburg police report, which was a final report submitted almost a year after the investigation began, and upon the arrest of the defendant for numerous class A-II felonies and a class D felony, identified the location of the incident as the victim’s residence, which coincides with the witness’s testimony that the defendant was a friend of the victim’s family and prayed in the synagogue room at their residence, but also tended to support the defense theory that perhaps an uncle of the young man who now lives in Israel was the real perpetrator.

. Perhaps the saddest part of the victim’s irreconcilable testimony was from his trial testimony regarding his recollection of the incident, which he described “as the story was developing in my mind.”

. In light of this court’s conclusions regarding the prosecution’s failure to present legally sufficient evidence to establish the date on which the alleged crime occurred, the court need not consider the inherently contradictory testimony of the victim regarding the location of the alleged incident; even though he testified the alleged incident occurred in a wooded area, the forest, but then on cross-examination identified the location on an aerial photo of the area as being in the middle of a large lawn behind the caretaker’s house in the community.

. This evidence was introduced during the trial and consisted of a conversation between the victim and an adult male friend, Sruly Rubenstein, who lives in Israel.